```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
JOSEPH SMALLEY,                     :
                                    : Civil Action No. 10-4581 (RBK)
            Plaintiff,              :
                                    :
      v.                            :
                                    : **MEMORANDUM OPINION AND ORDER**
THE STAFF AT DYFS OFFICE et al.,    :
                                    :
            Defendants.             :
_____:

   IT APPEARING THAT:

1. Plaintiff Joseph Smalley ("Smalley") submitted for filing his civil complaint and his application to proceed in this matter in forma pauperis. See Docket Entry No. 1. The complaint is dated August 12, 2010. See Docket Entry No. 1, at 11.[1]

2. Currently, Smalley is a confined individual serving a three-year sentence on the charges of theft and threats of bodily injury. See <<https://www6.state.nj.us/DOC_Inmate/details?x=1452095&n=0>>. His Department of Corrections record indicates that he was born on October 22, 1987, and his confinement initiated on September 10, 2010, or shortly prior. See id.

3. Smalley's complaint asserts challenges against the Division of Youth and Family Services ("DYFS"), which is New Jersey's

---

[1] For the purposes of this Memorandum Opinion and Order only, the Court presumes – without making a factual finding, that Smalley handed his instant complaint to his prison officials on the date of his execution of the complaint, hence triggering the "prisoner's mailbox rule."

  child protection and child welfare agency within the State's Department of Children and Families. <u>See</u> Docket Entry No. 1. Specifically, Smalley asserts that, at his birth or shortly thereafter, Smalley was placed in foster care of the Smalleys, where he seemingly remained until 2004. <u>See</u> <u>id.</u> Smalley asserts that such placement by DYFS violated his rights because he was mistreated by the Smalleys during his youth. <u>See</u> <u>id.</u>

4.  Smalley's complaint is subject to dismissal as facially untimely. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." <u>Wallace v. Kato</u>, 549 U.S. 384 (2007) (emphasis removed). A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." <u>Sandutch v. Muroski</u>, 684 F.2d 252, 254 (3d Cir. 1982); <u>see</u> <u>also</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 (3d Cir. 1994). "Smalley's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." <u>Fassnacht v. United States</u>, 1996 U.S. Dist. LEXIS 1163 (E.D. Pa. Feb. 2, 1996) (citing <u>Oshiver</u>, 38 F.3d at 1386). Civil rights claims are best characterized as personal

injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Smalley's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson v. Garcia, 471 U.S. at 269.  New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his

3

rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "[T]he doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.  Here, Smalley stopped being a minor and his statute of limitations began to run on October 22, 2005.  See Phillips v. Gelpke, 190 N.J. 580, 595 n.4 (2007) (under New Jersey law, the statute of limitations involving a minor's cause of action does not begin to run until the child reaches the age of eighteen).  Hence, with the statutory tolling factored in, Smalley's claims became time-barred two years after Smalley's emancipation, i.e., on October 21, 2007, that is, about three years prior to Smalley's execution of the complaint at bar.  Thus, statutory tolling cannot salvage Smalley's complaint.  Moreover, the Court has no grounds to apply equitable tolling to Smalley's complaint since: (a) the complaint indicates, in no ambiguous terms, that the alleged abuses and other influences by Smalleys ceased in 2004, that is, a year *prior* to Smalley's emancipation; and (b) Smalley's activities were not restrained by confinement, or DYFS, or any other governmental officials since Smalley's emancipation. See https://www6.state.nj.us/DOC_Inmate/details?x=1452095&n=0

4

(indicating that Smalley committed his first round of criminal offenses on October 18, 2008 (that is, a few days prior to his 21 birthday) and his second round of criminal offenses on June 15, 2009 (that is, shortly prior to his 22 birthday), and entered state custody more than a year later, upon his conviction as an adult). Thus, Smalley's claims are subject to dismissal, as untimely,[2] and this Court's issuance of leave to amend his pleadings would be futile under the circumstances at bar. Consequently, his challenges will be dismissed with prejudice.

IT IS on this   3rd   day of   January  , 2011,

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that Smalley's application to proceed in this matter in forma pauperis is granted, and Smalley is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Smalley's account exceeds $10.00, until the $350.00 filing fee is paid, the

---

[2] In addition, Smalley's claims are also subject to dismissal for failure to state a claim upon which relief can be granted, since a State's failure to protect an individual against private violence does not usually constitute a violation of due process. See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989)).

agency having custody of Smalley shall assess, deduct from Smalley's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Smalley's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order by regular mail upon the Attorney General for the State of New Jersey and on the warden of the place of Smalley's current confinement; and it is further

ORDERED that the complaint, Docket Entry No. 1, is dismissed with prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Smalley by regular U.S. mail and close the file on this matter.

s/Robert B. Kugler
**Robert B. Kugler**
**United States District Judge**